UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KALYN STEPHENS,              : | |
| :                                              | |
| Plaintiff       : | |
| v.                             : | File No. 1:16-cv-270-jgm |
| :                                              | |
| CHIEF OF POLICE, et al.,        : | |
| :                                              | |
| Defendants.       : | |
| _____ : | |

ORDER
(Docs. 5, 6, 7, 9, 13, 14, 16, 18, 19)

Kalyn Stephens, proceeding pro se, filed a complaint against at least twenty defendants on October 17, 2016. (Doc. 1 ("Compl.").) On November 23, 2016, Defendants Anne Baylock and Kathy McVey moved to dismiss the complaint. (Doc. 5.) Stephens filed a motion for service of the summons and complaint. (Doc. 6.) Defendants Joyce Stevens and Roger Stevens also moved to dismiss. (Doc. 7.) On December 15, Stephens filed a document purporting to be an amended complaint, motion for order of protection, and opposition to the motions to dismiss. See Docs. 8, 9, 10 (same document). On the same day, Defendants Patricia Haskins, Town Clerk for the Town of Pittsfield, and Heath Plemmons, City of Rutland Police Officer, moved to dismiss the complaint. (Docs. 13, 14.) On December 19, Defendants City of Rutland, Town of Pittsfield, and Deborah Picarello also moved to dismiss the complaint. (Docs. 16, 18, 19.) For the following reasons, Defendants Baylock and McVey's motion to dismiss is granted and the case is sua sponte dismissed.

Discussion

The Court is normally required to read a pro se plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Here, Stephens signed her purported amended complaint with her Georgia Bar

number. (Doc. 8 at 3.) She is listed on the State Bar of Georgia's website as an active member in good standing. Given that Plaintiff Stephens is an attorney, her pleadings are not entitled to the special consideration ordinarily given to pro se plaintiffs. See Maloney v. Cuomo, 470 F. Supp. 2d 205 (E.D.N.Y. 2007), aff'd, 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 561 U.S. 1040 (2010); Kuriakose v. City of Mount Vernon, 41 F. Supp. 2d 460, 465 (S.D.N.Y. 1999).

  Stephens' original twenty-page complaint asserts claims such as "refusing to make services available," "demanding to follow me to my place of residence," "pressuring me and quizzing me," "yelling at me," "looking for fight against me," "demanding that I pay using cash," "blocking my movement," "calling my place of residence," and "giving me his card." (Compl. at 1-4.)

  While adding defendants and conclusory claims of unlawful retaliation, Stephens' amended complaint does little to expound on her claims. She simply attaches her original complaint. (Doc. 8 at 2 ("For the convenience of the Court, a copy of the Civil Rights Complaint and Jury Demand in the matter of Kalyn Stephens v. Chief of Police of Vermont State Police et. [sic] al, [sic] district court Case Number 1:16-cv-270, is attached hereto as Exhibit A.").) The three-page amended complaint, which also serves as a motion for order of protection and opposition to motions to dismiss, demands a jury trial, orders prohibiting "Defendant" from removing her from her residence and from harassing or intimidating her, a tree be removed from the premises of her residence, and $100,000,000 as well as punitive damages, costs and fees. (Doc. 8.)

  Under Rule 15 of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(B). Therefore, Stephens' purported amended complaint is likely timely as it was filed on December 15, 22 days after Baylock and McVey's motion to dismiss was filed and served on her via first class mail. See Doc. 5-2. The amended complaint, however, is in violation of the Court's

Local Rules requiring it be consecutively numbered, D. Vt. L.R. 10(a)(5), and prohibiting incorporation of a prior filing by reference without prior authorization of the Court, D. Vt. L.R. 15(b).  It is also in violation of Federal Rules of Civil Procedure 8 and 10.  See Rule 8 discussion infra.  Rule 10 requires a party state its claims in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Accordingly, the purported amended complaint (Doc. 8) is insufficient and the Court does not consider it as a pleading.

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint.  See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000).  The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the pleader.  Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006).  Though the court must accept as true all factual allegations, this requirement "is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.; see also Turkmen v. Hasty, 789 F.3d 218, 233 (2d Cir. 2015).  Irrespective of whether they are drafted pro se, all complaints must contain at least "some minimum level of factual support for their claims."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Defendants Baylock and McVey move to dismiss the original complaint (Doc. 1) under Federal Rules of Civil Procedure 8 and 12(b)(6).  (Doc. 5.)  The claims against McVey, in their entirety, are "Looking for fight against me[;] Calling where I live despite my protests[; and] Pressuring me."  (Compl. at 11.)  The claims against Baylock are "Looking for flight against me[;] Calling where I live despite my protests[;] Pressuring me and demanding that I meet with others[;] Demanding that I communicate by telephone[;] Demanding that I compromise my Christian

convictions[;] Encouraging me to kill myself[; and] Demanding that I meet with others who are looking for fight against me." Id. at 15.  Defendants McVey and Baylock argue the complaint fails to state a claim because the complaint does not contain any allegations of fact.  (Doc. 5-1 at 2.)

Rule 8 of the Federal Rules of Civil Procedure, provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d).  Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against him.  See id.; Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Here, Stephens' complaint does not satisfy Rule 8.[1]  In the absence of factual allegations, the Court cannot determine whether she has a plausible entitlement to relief.  As noted above, complaints must contain at least "some minimum level of factual support for their claims." Alfaro Motors, 814 F.2d at 887.  Because the complaint fails to state a claim against them, Defendants McVey and Baylock's motion to dismiss is granted.

Because the complaint fails to satisfy Rule 8 with regard to the remaining defendants, against whom no facts are alleged, it is sua sponte dismissed.  See Simmons, 49 F.3d at 86.

---

[1] The complaint is also in violation of the Local Rules of the Court requiring it be consecutively numbered, D. Vt. L.R. 10(a)(5), and Federal Rule of Civil Procedure 10(b), requiring separately numbered paragraphs.

Conclusion

For the reasons set forth above, Defendants McVey and Baylock's motion to dismiss (Doc. 5) is GRANTED and the claims against them are dismissed without prejudice. The Court sua sponte dismisses without prejudice the claims against the remaining defendants. Plaintiff may file an amended complaint compliant with Federal Rules of Civil Procedure, specifically Rules 8 and 10, and this Court's Local Rules within thirty days. Failure to file on or before January 23, 2017, shall result in dismissal of the case.

In light of the insufficiency of the purported amended complaint and the dismissal of the complaint and amended complaint, the remaining motions to dismiss (Docs. 7, 13, 14, 16, 18, 19) and Stephens' motion for service of the summons and complaint (Doc. 6) are denied as moot. Stephens' motion for a protective order (Doc. 9) is denied without prejudice to renew following the filing of a sufficient amended complaint.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of December, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge